**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DENNIS NELSON,

                               Plaintiff

        - v -                                   Civil No. 9:10-CV-997
                                                                         (GLS/RFT)

LESTER WRIGHT, *Medical Chief*; DR. JOHN DOE,
 *Marcy Correctional Facility*,

                              Defendants.

**APPEARANCES:**                                 **OF COUNSEL:**

DENNIS NELSON
94-B-0694
Plaintiff, *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

HON. ERIC T. SCHNEIDERMAN            CHRISTOPHER W. HALL, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for the Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

     *Pro se* Plaintiff Dennis Nelson filed this civil rights action, pursuant to 42 U.S.C. §1983, alleging that the Defendants violated his constitutional rights while he was incarcerated at Marcy Correctional Facility when his serious medical needs did not get proper medical attention. Dkt. No. 1, Compl. Within the caption of his Complaint, Plaintiff listed as Defendants Lester Wright, Medical Chief, and Dr. John Doe. *Id.* Alongside his Complaint, Plaintiff submitted a Motion for Leave to Proceed *In Forma Pauperis* (IFP). Dkt. No. 2, IFP App.

On January 25 2011, this Court reviewed those filings and granted Plaintiff permission to proceed with this matter IFP and directed service on the identified Defendant; we further warned Plaintiff that the Marshals Service could not effect service on a Doe Defendant and directed him to take steps to identify this Defendant so that he or she could be joined in this action.[1] Dkt. No. 7.

Presently before the Court is Defendant Wright's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 16. Despite being provided an extension of time, Plaintiff has not submitted papers in opposition to Defendant's Motion.

## I. BACKGROUND

The following facts are derived from the Complaint, which, in accordance with the applicable standard of review, must be taken as true. *See infra* Part II.A.

Plaintiff has an infection in his left leg that is not healing because of his medical condition as a Type II Diabetic. Compl. at ¶¶ 4 & 6. On July 20, 2010, an unidentified nurse told Plaintiff that his leg will never heal. *Id.* at ¶ 6. The size of the infection ("the hole") is ten inches wide and thirteen inches long and is "draining green" fluid out of it. Dkt. No. 1, Attach. to Compl., Inmate Grievance Compl., dated July 14, 2010. Plaintiff alleges that: 1) he is not getting the right treatment at Marcy; 2) a wet and dry treatment will not heal his leg; and 3) he has requested a transfer to an outside hospital in order to receive proper treatment. Compl. at ¶ 4 & Attach. to Compl. Plaintiff has indicated that he notified the prison authorities and presented the facts relating to his Complaint through the prisoner grievance program, but has not received an answer. Compl. at ¶ 4.

---

[1] Within that Order, this Court noted that Plaintiff had, prior to bringing this action, accumulated three or more strikes pursuant to 28 U.S.C. § 1915(g) for bringing lawsuits that had been dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief could be granted. Dkt. No. 7 at p. 2. However, we found that, for the time being, in light of his allegedly ongoing serious medical injuries and because he was still housed at Marcy, Plaintiff adequately showed that he fit into the "imminent danger" exception to the three strikes provision and thus allowed this matter to proceed without the full prepayment of the applicable filing fee. *Id.* at pp. 2-4.

Plaintiff has not alleged any personal, direct, or indirect involvement by either of the listed Defendants and is seeking unspecified damages in the amount of $9,999.99. *Id.* at ¶ 7.

## II. DISCUSSION

### A. Standard of Review

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, and matters to which the court may take judicial notice." *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 n. 6 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157,

168 (2d Cir. 2008).  Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. at 1960 (citing *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. at 1949.  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555).  Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).  The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. at 1950-51.  However, for *pro se* litigants there is still an

obligation to construe the complaint liberally.  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

## B. Plaintiff's Eighth Amendment Claim

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state . . . law."  *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).  Here, Plaintiff claims that his serious medical needs were not being addressed when he was at Marcy.  We liberally construe such claims as being brought under the Eighth Amendment.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment and is applicable to the states through the Due Process Clause of the Fourteenth Amendment.  *Robinson v. California*, 370 U.S. 660, 666-67 (1962) (cited in *Tramell v. Keane, et al.*, 338 F.3d 155, 161 (2d Cir. 2003)).  To state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The plaintiff must allege conduct that is "'repugnant to the conscience of mankind' or 'incompatible with the evolving standards of decency that mark the progress of a maturing society.'"  *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y. 1992), *aff'd*, 970 F.2d 896 (2d Cir. 1992) (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-06).  This standard contains both objective and subjective elements.  *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 2003).  "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberative indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind."  *Id.* at 183-84 (citing *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) & *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)).  The

subjective element "entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Hathaway v. Coughlin*, 99 F.3d at 553 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

Regarding the Eighth Amendment objective prong, Plaintiff has alleged that his there is an infection on his left leg, which is ten inches wide and thirteen inches long and has green fluid excreting therefrom. He also alleges that he was told that the infection will never heal and the wet and dry treatment would not help, due in part to his condition of Type II Diabetes. Compl. at ¶ 4 & Attach. to Compl. Taking these allegations as true, we find that Plaintiff has satisfied the objective prong in that his medical need is sufficiently serious.

However, Plaintiff has not alleged any facts which indicate that either of the listed Defendants were involved in any way with his medical treatment, or the decision to withhold medical treatment. In short, Plaintiff does not allege that either Defendant knew of his condition or were deliberately indifferent to this serious medical need. The only person he alleges to have come into contact with is an unidentified nurse, who is not a party in this action. Compl. at ¶ 6. Merely naming Defendant Wright in the action, without more, cannot support a claim for medical indifference under the subjective prong of the test. It is also questionable whether Plaintiff intends to pursue this action against Defendant Wright. For starters, although Lester Wright is listed in the caption of the Complaint, within the section of the Complaint that lists the parties, Plaintiff wrote Defendant Wright and his accompanying information, but then drew a line through that paragraph. *Id.* at ¶ 3(b). Second, Plaintiff did not submit any opposition to Defendant Wright's Motion to Dismiss. Thus, it is possibly that Plaintiff has no intention to pursue this action against him. In light of the above discussion, this action may rightfully be dismissed against Defendant Wright.

Just as Plaintiff failed to attribute any personal involvement to Defendant Wright, he similarly failed to attribute personal involvement in any wrongdoing to the Doe Defendant. Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

As noted above, there is no mention of any degree of involvement on the part of Defendant Doe. Plaintiff's allegations fail to mention any of the necessary facts that would support or give rise to a cognizable claim for which relief could be granted under 42 U.S.C. § 1983. Thus, the claims against Defendant Doe should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

However, the Second Circuit cautions that a *pro se* complaint "should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.1991); *see also* FED.R.CIV.P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *Chavis v Chappius*, 618 F.3d 162, 170 (2d Cir. 2010); *cf. Gomez v. USAA Fed.*

---

[2] We note that had a colorable claim of deliberate indifference been stated against the Doe Defendant, it would have been appropriate to deny Defendant Wright's Motion to Dismiss and have the Plaintiff proceed with minimal discovery in order to uncover the identity of the Doe Defendant. *Davis v Kelly*, 160 F.3d 917, 921 (2d Cir. 1998) (citations omitted) (noting that it is appropriate to maintain "supervisory personnel as defendants . . . until the plaintiff has been afforded an opportunity through at least brief discovery to identify the subordinate officials who have personal liability."); *see also Murphy v Goord*, 445 F. Supp. 2d 261, 266-67 (W.D.N.Y. 2006) (denying superintendent's motion for judgment on the pleadings on personal involvement grounds and allowing the plaintiff to proceed with discovery to identify the Doe defendants). However, in this case, as noted above, Plaintiff has not stated enough facts to allege an action against either Defendant. Rather, he has merely named Wright and Dr. Doe as Defendants in this action. Without more the Plaintiff's Complaint falls short of stating a cause of action under the standards stated in *Iqbal* and *Twombly*.

*Sav. Bank*, 171 F.3d 794, 796 (2d Cir.1999) (per curiam) ("[A] pro se plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.").

In light of the Plaintiff's *pro se* status, and the serious medical need he has sufficiently pled, we recommend that prior to outright dismissing this entire action, the Plaintiff should be given an opportunity to amend his complaint since he has yet be given such an opportunity and there is some indication that there may be a valid claim.

### III. CONCLUSION

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant Wright's Motion to Dismiss (Dkt. No. 16.) be **granted** without prejudice and he be **dismissed** from the action; and it is further

**RECOMMENDED**, that Defendant Doe be **dismissed** from this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and it is further

**RECOMMENDED,** that, in light of Plaintiff's *pro se* status, prior to outright dismissing this action, Plaintiff be afforded an opportunity to amend his Complaint. In the event this Recommendation is accepted, the Court would further recommend that Plaintiff be afforded thirty (30) days from the date the District Judge issues his opinion on this Report-Recommendation and Order within which to submit an amended complaint. The amended complaint should be forwarded to this Court for further review. In the event Plaintiff failed to submit an amended complaint within

this time frame, it is recommended that the Clerk of the Court be directed to close this action without further Order from either Judge; and it is further.

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 29 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   September 14, 2011
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge