**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DENNIS NELSON,

Plaintiff

- v -                                                   Civil No. 9:10-CV-997
                                                             (GLS/RFT)

LESTER WRIGHT, *Medical Chief*; DR. JOHN DOE,
 *Marcy Correctional Facility*,

Defendants.

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

### I.  BACKGROUND

This civil rights action originated on August 18, 2010, with the filing of a Complaint.  Dkt.

No. 1, Compl.  In his *pro se* Complaint, Plaintiff named as Defendants Lester Wright, Chief Medical

Officer, and Dr. John Doe.  On March 19, 2011, Defendant Wright moved, pursuant to Federal Rule

of Civil Procedure 12(b)(6), for dismissal of the action.  Dkt. No. 16.  Despite being granted an

extension of time, Plaintiff did not oppose the Motion.  On September 14, 2011, this Court issued

a Report-Recommendation and Order wherein we recommended that Defendant's Motion be granted

without prejudice and that the Doe Defendant also be dismissed without prejudice.  Dkt. No. 18.

In both instances, we found that Plaintiff failed to attribute any personal involvement of either

Defendant in any wrongdoing.  In light of his *pro se* status, we further recommended that prior to

outright dismissing the action, Plaintiff be afforded an opportunity to amend his Complaint in order

to extrapolate on his claims that the Defendants violated his Eighth Amendment rights.

Approximately one week later, on September 22, 2011, Plaintiff submitted an Amended

Complaint.  Dkt. No. 19, Am. Compl.  Thereafter, on October 6, 2011, the Honorable Gary L. Sharpe, United States District Judge, approved and adopted this Court's Report-Recommendation in its entirety and referred the Amended Complaint to this Court for review.  Dkt. No. 20.

## II.  DISCUSSION

### A.  Applicable Law

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  On January 25, 2011, Plaintiff's request to proceed with this matter *in forma pauperis* was granted.  Dkt. No. 7.  Thus, 28 U.S.C. § 1915(e) applies and it is this Court's responsibility to determine whether Plaintiff may properly maintain the Amended Complaint prior to permitting service to be accomplished.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte* review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).   With these standards in tow, we review Plaintiff's Amended Complaint.

### B.  Plaintiff's Amended Complaint

We first not that in the caption of his Amended Complaint, Plaintiff names as Defendants "Lester Wright, Medical Chief" and "John Doe as Dr. Vadlamudi."  *See* Am. Compl.  However, no where in his amended pleading does he refer to nor state any factual allegation against Defendant Wright.  And, by Affidavit, dated, but not notarized, October 13, 2011, Plaintiff consents to the withdrawal of Defendant Wright.  Dkt. No. 21.  Thus, to the extent Plaintiff is voluntarily withdrawing his claim against Defendant Wright, we would recommend that such request be **granted**.  In any event, because Plaintiff once again has failed to assert any personal wrongdoing against Defendant Wright, we would recommend dismissing him from this lawsuit due to Plaintiff's failure to state a claim.

As to the claims against newly identified Defendant Vadlamudi, the Court notes that Plaintiff's Amended Complaint suffers from the same infirmities as his original Complaint.  Plaintiff once again claims that his Eighth Amendment rights were violated when, while at Marcy Correctional Facility, he was purportedly denied medical care for his serious medical needs.  As we found in our previous Report-Recommendation and Order, Plaintiff succeeds on one prong of his Eighth Amendment claim, but not on the second.

To state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The plaintiff must allege conduct that is "'repugnant to the conscience of mankind' or 'incompatible with the evolving standards of decency that mark the progress of a maturing society.'"  *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y. 1992), *aff'd*, 970 F.2d 896 (2d Cir. 1992) (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-06).  This standard

contains both objective and subjective elements. *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 2003). "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind." *Id.* at 183-84 (citing *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) & *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). The subjective element "entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Hathaway v. Coughlin*, 99 F.3d at 553 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

As to the objective prong, Plaintiff sufficiently sets forth enough facts to draw the conclusion that his medical condition is, in fact, sufficiently serious to warrant protection under the Eighth Amendment. His Amended Complaint, including the attachments thereto, sufficiently show that he is diabetic who suffers from cellulitis, poor circulation, Hepatitis B, and has an infection on his leg. Plaintiff was successful in establishing his serious medical condition with his original Complaint. However, Plaintiff fails to show that he has been deprived medical treatment for this serious medical need, or that treatment was delayed. Furthermore, as to the subjective prong, Plaintiff once again fails to allege that the named Defendant, now Dr. Vadlamudi, acted in such a way that could be viewed as deliberately indifferent to those serious medical needs. Instead, Plaintiff emphasizes the seriousness of his medical condition and how rapidly it is deteriorating. But the Court is flummoxed as to what role Dr. Vadlamudi played in failing to treat the condition. All we know from reading the Amended Complaint is that Dr. Vadlamudi treated Plaintiff.[1] The attachments to the pleading

---

[1] It further appears that Plaintiff was being treated in the Marcy RMU or Regional Medical Unit. Regional Medical Units have been established by the Department of Correctional Services to provide long term nursing care and rehabilitative services to inmates whose condition requires a higher level of care than is available in the general prison

(continued...)

are not helpful to Plaintiff, in fact, they suggest, if they are to be believed, that Plaintiff has

interfered with his own recovery by failing to follow medical recommendations and instructions and,

at times, by refusing other recommended treatment.  For example, attached to the Amended

Complaint is a letter, dated November 26, 2010, from Carl J. Koenigsman, M.D., Deputy

Commissioner/Chief Medical Officer of the New York State Department of Correctional Services,[2]

and is addressed to a law fellow with the Sylvia Rivera Law Project, who presumably was

representing Plaintiff at that time.  The letter, which was written in response to an inquiry regarding

Plaintiff's medical care, states as follows:

> Mr. Nelson is a diabetic with an ulcer on his lower extremity.  He also has a DVT of his lower extremity.  Mr. Nelson has received medical evaluation and treatment for these conditions.  However, progress toward improvement of these conditions has been hampered by noncompliance with recommended treatments.
>
> DVT is treated with warfarin and regular monitoring of blood work. He has refused these treatments at times.  As well, at times he refuses dressing changes for the ulcer on his leg.  He has been noted to tamper with the dressing on the ulcer and may be getting external contamination from self inoculation with feces.
>
> The medical staff at Marcy are attending to Mr. Nelson's medical problems in spite of his noncompliance with treatment recommendations and undermining of his care.  He does not have gangrene of the extremity, but he is at risk of such.  In communicating with your client, please assist DOCS medical staff by stressing the importance of regular compliance with medication, blood work, dressing changes, and glycemic control.

Am. Compl. at p. 6.[3]

A prisoner who declines medical treatment cannot turn around and sue the medical professional

whose judgment the prisoner has questioned and even defied.  *Jones v. Smith*, 784 F.2d 149, 151-52

---

[1](...continued)
population.  *Rosario v. New York State Dep't of Corr. Servs*, 2003 WL 22429271, at * 1 (S.D.N.Y. Sept. 24, 2003).

[2] In April 2011, the Department of Correctional Services and the Division of Parole were merged into one entity, now referred to as the Department of Corrections and Community Services.

[3] Plaintiff did not label his attachments, thus the citation reference is to the page number automatically assigned by the Court's Case Management Electronic Case Filing System.

(2d Cir. 1986) (affirming lower court ruling that a prisoner who declines medical treatment cannot establish an Eighth Amendment claim for medical deliberate indifference); *Hardy v. Diaz*, 2010 WL 1633379, at *6 n.12 (N.D.N.Y. Mar. 30, 2010) (noting that skipping medical appointments and failing to comply with treatment directions can undermine an Eighth Amendment medical indifference claim); *Guarneri v. Hazzard*, 2010 WL 1064330, at *13 (N.D.N.Y. Mar. 22, 2010) ("Plaintiff's history of refusing to comply with the directions of the medical staff and physicians undermines his claims of deliberate indifference.") (citations omitted); *Brown v. White*, 2010 WL 985184, at * 8 & 11 (N.D.N.Y. Mar. 15, 2010) (Sharpe, D.J., adopting Rep. Rec.) ("The fact that plaintiff might have preferred an alternative treatment or believes that he did not get the medical attention he desired does not rise to the level of a constitutional violation.") (citing *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986)); *Amin v. Cnty. of Onondaga*, 2006 WL 1650764, at *8 (N.D.N.Y. June 13, 2006) (noting that plaintiff's non-compliance with medical advice and treatment provided an additional ground for dismissing his medical indifference claim).

The other attachments to the Amended Complaint merely show that Plaintiff was sent out for emergency care, and on at least one occasion, Dr. Vadlamudi approved the callout. Despite being given an opportunity to do so, Plaintiff has failed to allege that Dr. Vadlamudi participated in any wrongdoing, thus, Plaintiff fails to state a claim for which relief could be granted. As such, we recommend that this action be **dismissed** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that the Amended Complaint be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 29 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   October 20, 2011
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge