**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DENNIS NELSON,**

                **Plaintiff,**          **9:10-cv-997
                                                      (GLS/RFT)**

        **v.**

**LESTER WRIGHT et al.,**

                **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Dennis Nelson
Pro Se
94-B-0694
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

**FOR THE DEFENDANTS**
HON. ERIC T. SCHNEIDERMAN    CHRISTOPHER W. HALL
New York State Attorney General     Assistant Attorney General
Albany Office
The Capitol
Albany, NY 12224

**Gary L. Sharpe
District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Dennis Nelson brings this action under 42 U.S.C. §

1983, alleging his constitutional rights were violated by defendants.  (*See* Am. Compl., Dkt. No. 19.)  In a Report-Recommendation and Order (R&R) filed October 20, 2011, Magistrate Judge Randolph F. Treece recommended that pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Nelson's Amended Complaint be dismissed.[1]  (*See generally* R&R, Dkt. No. 22.)  Pending are Nelson's objections to the R&R.  (*See* Dkt. No. 23.)  For the reasons that follow, the R&R is adopted in its entirety.

## II.  Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge.  If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.  *See id.*

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

### III. Discussion

Nelson's "objections" consist of factual allegations which discuss the care, or lack thereof, that defendant Dr. Vadlamudi provided to him. (*See* Dkt. No. 23 at 1-2.) The facts provided discuss the seriousness of his injury, the treatments prescribed, and the results of these treatments. (*See id.*) However, what Nelson fails to appreciate is that the principal deficiency Judge Treece found was his inability to show that Dr. Vadlamudi acted with the requisite state of mind to sustain an Eighth Amendment claim. (*See* R&R at 4.) Even if Nelson did not exacerbate his own injury, as he now claims he did not (*see* Dkt. No. 23 at 2), this still does not equate to a showing that Dr. Vadlamudi was deliberately indifferent to Nelson's condition, (R&R at 4-6). In sum, none of his "objections" reference a perceived error by Judge Treece.

Because Nelson fails to raise any specific errors in the R&R, the court concludes that a *de novo* review is unnecessary. Having found no clear error in the R&R, the court accepts and adopts Judge Treece's R&R in its entirety.

### IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

3

**ORDERED** that Magistrate Judge Randolph F. Treece's October 20, 2011 Report-Recommendation and Order (Dkt. No. 22) is **ADOPTED** in its entirety; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Nelson's Amended Complaint (Dkt. No. 19) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

**IT IS SO ORDERED.**

December 5, 2011
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge